RICHARD COBERLY          SBN: 242093
LAW OFFICE OF RICHARD COBERLY
969 S. Village Oaks Dr., Suite 105
Covina, California 91724
Telephone: (626) 339-9484
Facsimile: (626) 608-2998
Email: richardcoberly@yahoo.com

Attorneys for Plaintiff: Gregory C. Manos

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

DEC 10 2020

L. SIRACUSA

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE - CENTRAL DISTRICT

| | |
|---|---|
| GREGORY C. MANOS, <br><br> Petitioner, <br><br> vs. <br><br> OFFICER DEVIN HILL, OFFICER MITCHELL GONZALES, CITY OF RIVERSIDE POLICE DEPARTMENT and DOES 1-25, inclusive, <br><br> Respondents. | CASE NO. CVRI 2000385 <br><br> COMPLAINT FOR DAMAGES FOR: <br> 1. 42 USC § 1983 WARRANTLESS ARREST WITHOUT PROBABLE CAUSE <br> 2. 42 USC § 1983 EXCESSIVE FORCE <br> 3. 42 USC § 1983 CRUEL AND UNUSUAL PUNISHMENT <br> 4. FALSE IMPRISONMENT <br> 5. BATTERY <br> 6. INTENTIONAL INFLITION OF EMOTIONAL DISTRESS |

Plaintiff GREGORY C. MANOS complains for the aforementioned causes of action against Defendants: OFFICER DEVIN HILL, OFFICER MITCHELL GONZALES, CITY OF RIVERSIDE POLICE DEPARTMENT and DOES 1-25, inclusive as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff GREGORY C. MANOS (hereinafter "MANOS") was at all times relevant herein a resident of the City of Riverside, in the County of Riverside

2. OFFICER DEVIN HILL (hereinafter "OFFICER HILL"), Badge Number 1949 is and all times relevant herein has been an Officer of the CITY OF RIVERSIDE POLICE DEPARTMENT.

3. OFICCER MITCHELL GONZALES (hereinafter "OFFICER GONZALES"), Badge Number 1999 is and all times relevant herein has been an Officer of the CITY OF RIVERSIDE POLICE DEPARTMENT.

4. THE CITY OF RIVERSIDE is a public entity responsible for the maintenance, training and supervision of its police force, THE CITY OF RIVERSIDE POLICE DEPARTMENT. Through a failure to train and supervise OFFICERS HILL and GONZALES, and/or through the ratifications of OFFICERS HILL and GONZALES' wrongful, illegal, and unconstitutional behavior in this instance.

5. Plaintiff is informed believes and alleges herein that unidentified persons sued as DOES 1 – 25 acted in concert with OFFICER HILL and OFFICER GONZALES to perform the actions complained of, failed to properly train OFFICERS HILL and GONZALES and/or later ratified the actions of OFFICER HILL and OFFICER GONZALES. As a such these entities and individuals will be added to this lawsuit by way of an amended complaint whenever one or more such entities may be discovered. As such MANOS sues DOES 1-25 inclusive as Defendants in this lawsuit.

6. All of the actions complained of herein took place within the city and County of Riverside California, empowering this Court with jurisdiction in this matter.

7. Venue is proper as the Riverside Central Court is the Civil Court which handles cases of this nature for the City of Riverside.

### DEMAND FOR JURY TRIAL

8. Plaintiffs request a trial by jury on all appropriate issues raised in this Complaint.

### FACTS COMMON TO ALL CAUSES OF ACTION

9. On or around September 6, 2020 a dispute arose between Plaintiff MANOS and his room-mate Laura Jean Cleary. Plaintiff MANOS notified Ms. Cleary that she

needed to find another place to live and she hit Plaintiff MANOS. Plaintiff MANOS called 911 and THE CITY OF RIVERSIDE POLICE DEPARTMENT sent out OFFICER HILL and his partner OFFICER GONZALES to Plaintiff MANOS' apartment located on Palm Avenue in the City of Riverside.

10. Despite the previous involvement of THE CITY OF RIVERSIDE POLICE DEPARTMENT, OFFICER HILL, and OFFICER GONZALES, the issues between Ms. Cleary and Plaintiff MANOS continued and Plaintiff MANOS called the authorities again at approximately one forty-five in the morning on September 7, 2020 as Ms. Cleary had again pushed him, slapped him, and scratched him. OFFICER HILL and OFFICER GONZALES took pictures of Plaintiff MANOS as evidence. At that time Plaintiff MANOS decided not to prosecute Ms. Cleary and the officers left after saying they would write a report.

11. The problems between Ms. Cleary and Plaintiff MANOS continued and at approximately three in the morning of September 7, 2020 Plaintiff MANOS again called the authorities. During this interaction OFFICER HILL and OFFICER GONZALES detained Plaintiff MANOS based upon Ms. Cleary's allegations that Plaintiff MANOS was falsely imprisoning her. Plaintiff MANOS was handcuffed and placed in the back of OFFICER HILL'S police vehicle. Despite the early hour, this was in the middle of a heat wave. Plaintiff MANOS is informed, believes and alleges that the windows to the police vehicle were not down significantly enough to allow proper airflow, making the police vehicle retain heat. Plaintiff MANOS complained to the OFFICERS to no avail. Plaintiff MANOS passed out twice during this period and had difficulty walking when OFFICER GONZALES removed Plaintiff MANOS from the police vehicle as Plaintiff MANOS was suffering from Dehydration. OFFICER GONZALES did not call an ambulance for Plaintiff MANOS. OFFICER HILL cited Cleary with Battery and left.

12. Plaintiff MANOS has had to seek medical treatment for dehydration and heat exhaustion. Plaintiff MANOS has also had to seek treatment for potential nerve damage to his wrist, and for the mental trauma caused by Misbehavior of OFFICER HILL and OFFICER GONZALES.

13. Plaintiff MANOS filed a complaint with THE CITY OF RIVERSIDE POLICE DEPARTMENT and was not provided any information as to the outcome. Please see Exhibit 1, attached hereto.

## FIRST CAUSE OF ACTION
### UNLAWFUL ARREST 42 USC 1983
### (As to all Defendants)

14. This section repleads and incorporates herein by this reference all the general factual allegations of paragraphs 1 through 12, prior sections, and remaining sections, inclusive, as though fully set forth therein.

15. Defendants OFFICER HILL, OFFICER GONZALES and DOES 1-25: arrested Plaintiff MANOS without a warrant and without probable cause.

16. Defendants OFFICER HILL, OFFICER GONZALES and DOES 1-25: was acting or purporting to act in the performance of his official duties.

17. Plaintiff MANOS was harmed in an amount to be proven at trial.

18. The conduct of Defendants OFFICER HILL, OFFICER GONZALES and DOES 1-25s' were a substantial factor in causing Plaintiff MANOS's harm.

19. Plaintiff MANOS is informed, believes and alleges that THE CITY OF RIVERSIDE POLICE DEPARTMENT had official policies and customs which include arresting persons for misdemeanor allegations not committed in the officers' presence, harassing persons who call them more than once, and/or leaving persons in the back of a police vehicle without proper ventilation.

20. Plaintiff MANOS is informed, believes and alleges that acted in accordance with the aforementioned policies and customs within THE CITY OF RIVERSIDE POLICE DEPARTMENT.

21. Plaintiff MANOS is informed, believes and alleges that THE CITY OF RIVERSIDE POLICE DEPARTMENT'S training program was not adequate to train its officers.

22. Plaintiff MANOS is informed, believes and alleges that THE CITY OF RIVERSIDE POLICE DEPARTMENT knew because of a pattern of similar violations, or it should have been obvious to it, that the inadequate training program was likely to result in a deprivation of the rights complained of in this cause of action.

23. Plaintiff MANOS is informed, believes and alleges that OFFICER HILL, OFFICER GONZALES and DOES 1-25, violated Plaintiff MANOS' constitutional rights.

24. Plaintiff MANOS is informed, believes and alleges that THE CITY OF RIVERSIDE POLICE DEPARTMENT'S failure to provide adequate training was the cause of the deprivation of Plaintiff MANOS' constitutional rights.

25. Plaintiff MANOS is informed, believes and alleges that Plaintiff MANOS' constitutional rights were violated

26. Plaintiff MANOS is informed, believes and alleges that Lieutenant Gregory Rowe was the person who made the decision and/or personally ratified the acts that led to the deprivation of MANOS' civil rights.

27. Plaintiff MANOS is informed, believes and alleges that Lieutenant Gregory Rowe's acts and/or decisions were a conscious and deliberate choice to follow a course of action from among various alternatives.

28. Plaintiff MANOS is informed, believes and alleges that Lieutenant Gregory Rowe approved the decisions and/or acts with knowledge of the facts alleged in this complaint.

29. As such, THE CITY OF RIVERSIDE POLICE DEPARTMENT is responsible for the actions and omissions of Defendants OFFICER HILL, OFFICER GONZALES and DOES -25.

## SECOND CAUSE OF ACTION
## USE OF EXCESSIVE FORCE 42 USC 1983
(As to all Defendants)

30. This section repleads and incorporates herein by this reference all the general factual allegations of paragraphs 1 through 12, prior sections, and remaining sections, inclusive, as though fully set forth therein

31. Defendants OFFICER HILL, OFFICER GONZALES and DOES 1-25, used force in [arresting/detaining] Plaintiff MANOS.

32. The force used by Defendants OFFICER HILL, OFFICER GONZALES and DOES 1-25, was excessive.

33. Defendants OFFICER HILL, OFFICER GONZALES and DOES 1-25, was acting or purporting to act in the performance of his official duties.

34. Plaintiff MANOS was harmed in an amount to be proven at trial

35. The conduct of Defendants OFFICER HILL, OFFICER GONZALES and DOES 1-25, use of excessive force was a substantial factor in causing Plaintiff MANOS's harm.

36. Plaintiff MANOS is informed, believes and alleges that THE CITY OF RIVERSIDE POLICE DEPARTMENT had official policies and customs which include arresting persons for misdemeanor allegations not committed in the officers' presence, harassing persons who call them more than once, and/or leaving persons in the back of a police vehicle without proper ventilation.

37. Plaintiff MANOS is informed, believes and alleges that acted in accordance with the aforementioned policies and customs within THE CITY OF RIVERSIDE POLICE DEPARTMENT

38. Plaintiff MANOS is informed, believes and alleges that THE CITY OF RIVERSIDE POLICE DEPARTMENT'S training program was not adequate to train its officers

39. Plaintiff MANOS is informed, believes and alleges that THE CITY OF RIVERSIDE POLICE DEPARTMENT knew because of a pattern of similar

1    violations, or it should have been obvious to it, that the inadequate training

2    program was likely to result in a deprivation of the rights complained of in this

3    cause of action.

4    40. Plaintiff MANOS is informed, believes and alleges that OFFICER HILL,

5    OFFICER GONZALES and DOES 1-25, violated Plaintiff MANOS'

6    constitutional rights

7    41. Plaintiff MANOS is informed, believes and alleges that THE CITY OF

8    RIVERSIDE POLICE DEPARTMENT'S failure to provide adequate training was

9    the cause of the deprivation of Plaintiff MANOS' constitutional rights

10    42. Plaintiff MANOS is informed, believes and alleges that Plaintiff MANOS'

11    constitutional rights were violated

12    43. Plaintiff MANOS is informed, believes and alleges that Lieutenant Gregory Rowe

13    was the person who made the decision and/or personally ratified the acts that led

14    to the deprivation of MANOS' civil rights

15    44. Plaintiff MANOS is informed, believes and alleges that Lieutenant Gregory

16    Rowe's acts and/or decisions were a conscious and deliberate choice to follow a

17    course of action from among various alternatives.

18    45. Plaintiff MANOS is informed, believes and alleges that Lieutenant Gregory Rowe

19    approved the decisions and/or acts with knowledge of the facts alleged in this

20    complaint.

21    46. As such, THE CITY OF RIVERSIDE POLICE DEPARTMENT is responsible

22    for the actions and omissions of Defendants OFFICER HILL and DOES -25

23

24    **THIRD CAUSE OF ACTION**
**CRUEL AND UNUSUAL PUNISHMENT 42 USC 1983**

25    **(As to all Defendants)**

26    47. This section repleads and incorporates herein by this reference all the general

27    factual allegations of paragraphs 1 through 12, prior sections, and remaining

28    sections, inclusive, as though fully set forth therein.

7

COMPLAINT FOR DAMAGES

48. Defendants OFFICER HILL, OFFICER GONZALES and DOES 1-25 intentionally and/or with deliberate indifference handcuffed Plaintiff MANOS and detained him in a police vehicle.

49. Defendants OFFICER HILL, OFFICER GONZALES and DOES 1-25 was acting or purporting to act in the performance of his official duties.

50. Defendants OFFICER HILL, OFFICER GONZALES and DOES 1-25's conduct violated Plaintiff MANOS's constitutional rights.

51. Plaintiff MANOS was harmed in an amount to be proven at trial.

52. The conduct of Defendants OFFICER HILL, OFFICER GONZALES and DOES 1-25s' leaving Plaintiff MANOS in the backseat of a car without sufficient airflow or air conditioning was a substantial factor in causing Plaintiff MANOS's harm.

53. Plaintiff MANOS is informed, believes and alleges that THE CITY OF RIVERSIDE POLICE DEPARTMENT had official policies and customs which include arresting persons for misdemeanor allegations not committed in the officers' presence, harassing persons who call them more than once, and/or leaving persons in the back of a police vehicle without proper ventilation.

54. Plaintiff MANOS is informed, believes and alleges that acted in accordance with the aforementioned policies and customs within THE CITY OF RIVERSIDE POLICE DEPARTMENT.

55. Plaintiff MANOS is informed, believes and alleges that THE CITY OF RIVERSIDE POLICE DEPARTMENT'S training program was not adequate to train its officers.

56. Plaintiff MANOS is informed, believes and alleges that THE CITY OF RIVERSIDE POLICE DEPARTMENT knew because of a pattern of similar violations, or it should have been obvious to it, that the inadequate training program was likely to result in a deprivation of the rights complained of in this cause of action.

57. Plaintiff MANOS is informed, believes and alleges that OFFICER HILL, OFFICER GONZALES and DOES 1-25, violated Plaintiff MANOS' constitutional rights.

58. Plaintiff MANOS is informed, believes and alleges that THE CITY OF RIVERSIDE POLICE DEPARTMENT'S failure to provide adequate training was the cause of the deprivation of Plaintiff MANOS' constitutional rights.

59. Plaintiff MANOS is informed, believes and alleges that Plaintiff MANOS' constitutional rights were violated.

60. Plaintiff MANOS is informed, believes and alleges that Lieutenant Gregory Rowe was the person who made the decision and/or personally ratified the acts that led to the deprivation of MANOS' civil rights.

61. Plaintiff MANOS is informed, believes and alleges that Lieutenant Gregory Rowe's acts and/or decisions were a conscious and deliberate choice to follow a course of action from among various alternatives.

62. Plaintiff MANOS is informed, believes and alleges that Lieutenant Gregory Rowe approved the decisions and/or acts with knowledge of the facts alleged in this complaint.

63. As such, THE CITY OF RIVERSIDE POLICE DEPARTMENT is responsible for the actions and omissions of Defendants OFFICER HILL and DOES -25.

## FOURTH CAUSE OF ACTION
### FALSE IMPRISONMENT
#### (As to all Defendants)

64. This section repleads and incorporates herein by this reference all the general factual allegations of paragraphs 1 through 12, prior sections, and remaining sections, inclusive, as though fully set forth therein.

65. Defendants OFFICER HILL, OFFICER GONZALES and DOES 1-25, arrested Plaintiff MANOS without a warrant.

66. Plaintiff MANOS was harmed in an amount to be proven at trial.

67. Defendants OFFICER HILL, OFFICER GONZALES and DOES 1-25.'s conduct was a substantial factor in causing Plaintiff MANOS's harm.

68. The actions complained of in this cause of action regarding OFFICER HILL, OFFICER GONZALES and DOES 1-25, were performed with malice, fraud and oppression, and as a result they should be subject to punitive damages.

69. With regard to Defendants OFFICER HILL, OFFICER GONZALES and DOES 1-25,, they were acting as the agents and employees of THE CITY OF RIVERSIDE POLICE DEPARTMENT and therefore, through the laws of agency and/or based upon THE CITY OF RIVERSIDE POLICE DEPARTMENT being aware of, and later endorsed or ratified the malicious, fraudulent and oppressive conduct regarding OFFICER HILL, OFFICER GONZALES and DOES 1-25,, regarding this cause of action.

## FIFTH CAUSE OF ACTION
### BATTERY
### (As to all Defendants)

70. This section repleads and incorporates herein by this reference all the general factual allegations of paragraphs 1 through 12, prior sections, and remaining sections, inclusive, as though fully set forth therein.

71. Defendants OFFICER HILL, OFFICER GONZALES and DOES 1-25, intentionally touched Plaintiff MANOS [or caused Plaintiff MANOS to be touched];

72. Defendants OFFICER HILL, OFFICER GONZALES and DOES 1-25, used unreasonable force to [arrest/prevent the escape of/overcome the resistance of/insert other applicable action] Plaintiff MANOS;

73. Plaintiff MANOS did not consent to the use of that force;

74. Plaintiff MANOS was harmed in an amount to be proven at trial.

75. Defendants OFFICER HILL, OFFICER GONZALES and DOES 1-25.'s conduct was a substantial factor in causing Plaintiff MANOS's harm.

76. The actions complained of in this cause of action regarding OFFICER HILL, OFFICER GONZALES and DOES 1-25: were performed with malice, fraud and oppression, and as a result they should be subject to punitive damages.

77. With regard to Defendants OFFICER HILL, OFFICER GONZALES and DOES 1-25;, they were acting as the agents and employees of THE CITY OF RIVERSIDE POLICE DEPARTMENT and therefore, through the laws of agency and/or based upon THE CITY OF RIVERSIDE POLICE DEPARTMENT being aware of, and later endorsed or ratified the malicious, fraudulent and oppressive conduct regarding OFFICER HILL, OFFICER GONZALES and DOES 1-25;, regarding this cause of action.

## SIXTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (As to all Defendants)

78. This section repleads and incorporates herein by this reference all the general factual allegations of paragraphs 1 through 12, prior sections, and remaining sections, inclusive, as though fully set forth therein.

79. Defendants OFFICER HILL, OFFICER GONZALES and DOES 1-25's conduct was outrageous.

80. Defendants OFFICER HILL, OFFICER GONZALES and DOES 1-25: intended to cause Plaintiff MANOS emotional distress and/or acted with reckless disregard of the probability that Plaintiff MANOS would suffer emotional distress, knowing that Plaintiff MANOS was present when the conduct occurred.

81. Plaintiff MANOS suffered severe emotional distress in an amount to be proven at trial.

82. Defendants OFFICER HILL, OFFICER GONZALES and DOES 1-25's conduct was a substantial factor in causing Plaintiff MANOS's harm.

83. The actions complained of in this cause of action regarding OFFICER HILL, OFFICER GONZALES and DOES 1-25, were performed with malice, fraud and oppression, and as a result they should be subject to punitive damages.

84. With regard to Defendants OFFICER HILL, OFFICER GONZALES and DOES 1-25;, they were acting as the agents and employees of THE CITY OF RIVERSIDE POLICE DEPARTMENT and therefore, through the laws of agency and/or based upon THE CITY OF RIVERSIDE POLICE DEPARTMENT being aware of, and later endorsed or ratified the malicious, fraudulent and oppressive conduct regarding OFFICER HILL, OFFICER GONZALES and DOES 1-25;, regarding this cause of action.

## PRAYER

Wherefore, Plaintiff MANOS respectfully requests that this Court finds:

As to the all Causes of Action:

1. For General Damages, according to proof;

2. For Special Damages, according to proof;

3. For Punitive Damages where appropriate;

4. For the costs accrued in filing and maintaining this lawsuit;

5. Any other relief this Court should deem appropriate.

Respectfully Submitted,

DATE: December 8, 2020          LAW OFFICE OF RICHARD COBERLY

BY: _____

Richard Coberly
Attorney for Plaintiff

# Exhibit 1



Police
Department
Office of Internal Affairs

**CITY OF**
**RIVERSIDE**

September 16, 2020

Mr. Gregory Manos
6655 Palm Ave., Apt. 101
Riverside, CA 92506

**RE:  CITIZEN COMPLAINT – PC2009041**

Dear Mr. Manos:

Each year the Riverside Police Department's Communications Division receives approximately six hundred thousand phone calls from citizens. Unfortunately, most of the time, these contacts involve the citizen being a victim, witness, injured, or upset. During a small percentage of these circumstances, confusion, fright or anger can result in the citizen believing our employee's demeanor was inappropriate; police powers and procedures are abusive; or the law does not serve the public. However, the overwhelming majority of citizens support law enforcement, especially the community-oriented policing philosophy.

That does not mean that we are always right in what we say or do. Your complaint could mean that something we are doing or have done is inconsistent with the values of the Department. As Chief, I am constantly looking to improve our service to the community, and I can assure you that I take the conduct of each employee seriously.

The complaint that you filed with the Riverside Police Department has been accepted and is presently being investigated by a supervisor or a member of Internal Affairs. A copy of your complaint is enclosed. Please read the statement of complaint for accuracy. If you have additional information or wish to correct the complaint, please attach a separate sheet of paper to the copy and return it to the Office of Internal Affairs. A return envelope is enclosed for your convenience.

Upon completion of the investigation, followed by a review by the Community Police Review Commission, if applicable, you will be notified by mail of the results of this investigation.



September 16, 2020
Page 2
PC2009041


If you have any questions regarding the status of your complaint, please contact the Office of Internal
Affairs at (951) 353-7260.


LARRY V. GONZALEZ
CHIEF OF POLICE


By:  Lieutenant Gregory Rowe
       Internal Affairs

LG/GR/rp
Enclosures

# RIVERSIDE POLICE DEPARTMENT
# COMPLAINT CONTROL FORM

Complaint File Number: PC2009041

INCIDENT Police Report/Cite Number: 2009070019/055
200023563

Location of Incident: 6655 PALM AVE. APT. 101    Date: 9/7/20    Time: 0045

Received By: LT. ELLIOTT    Date/Time: 9/7/20 - 0725    Routed to: I.A.

Subject Employee: HILL, DEVIN    ID#: 1949

Complainant: GREG MANOS    Date of Birth: ___    Sex: M    Race: ___
Address: 6655 PALM AVE. #101    City: RIVERSIDE    State: CA    Zip Code: 92506
Home Phone: 951-454-0889    Business Phone: ___
Business Address: ___

Witness: ___    Date of Birth: ___    Sex: ___    Race: ___
Address: ___    City: ___    State: ___    Zip Code: ___
Home Phone: ___    Business Phone: ___
Business Address: ___

Witness: ___    Date of Birth: ___    Sex: ___    Race: ___
Address: ___    City: ___    State: ___    Zip Code: ___
Home Phone: ___    Business Phone: ___
Business Address: ___

Complaint: THE RP ADVISED THAT OFC. HILL RESPONDED TO HIS APARTMENT THREE TIMES REGARDING HIM BEING ASSAULTED BY HIS FEMALE ROOMMATE. THE RP ADVISED OFC. HILL FAILED TO RESOLVE THE ISSUE OF THE RP BEING ASSAULTED AND HIS PROPERTY BEING VANDALIZED. THE RP ALSO ADVISED HIS RIGHTS WERE VIOLATED WHEN OFC. HILL HADCUFFED HIM AND PLACED HIM IN THE BACK OF A POLICE UNIT FOR AN EXCESSIVE AMOUNT OF TIME WITHOUT ADEQUATE COOLING. THE RP STATED HE WAS EVENTUALLY LET GO AND THAT THE DETENTION WAS ILLEGAL. THE RP WISHED TO FILE A FORMAL COMPLAINT, BUT REFUSED TO DO IT IN PERSON.

Signature of Complainant (Optional): ___

---

## POLICE DEPARTMENT USE ONLY

Nature of Complaint:    ☐ External    ☐ Internal    ☑ Inquiry

Internal Affairs

Complaint Received:    ☑ In Person    ☐ Telephone    ☐ Letter    ☐ Other

Complaint Result of:    ☑ Radio Call    ☐ Traffic Stop    ☐ Arrest    ☐ Investigation    ☐ Other

Copy of Complaint Received by Complainant?    ☐ Yes    ☑ No    If No, explain

Category I: ___    Category II: 330.35 (E)
330.35 (F)

Specify the allegation    Specify the allegation

---

Copy of Complaint Received by Employee: ___
Complainant Notified of Results by: ___    Date: ___    Method: ___
Employee Notified of Results by: ___    Date: ___    Method: ___

PD Form No. 022 (1-07)
Distribution:    White/Internal Affairs - Pink/Employee - Green/Division - Blue/Complainant