KRISTI J. SMITH, Interim City Attorney, SBN 120218
NEIL OKAZAKI, Assistant City Attorney, SBN 201367
JEREMIAH JOHNSON, Deputy City Attorney, SBN 293200
OFFICE OF THE CITY ATTORNEY
3750 University Avenue, Suite 250
Riverside, California 92501
Telephone (951) 826-5567
Facsimile (951) 826-5540

Attorneys for Defendants CITY OF RIVERSIDE, a California charter city and municipal corporation; DEVIN HILL; and MITCHELL GONZALES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C. MANOS, | ) CASE NO. 5:21-cv-00093-MWF-SP |
| Plaintiff, | ) |
| v. | ) **DEFENDANTS CITY OF RIVERSIDE, DEVIN HILL, AND MITHCELL GONZALES' ANSWER TO COMPLAINT** |
| OFFICER DEVIN HILL, OFFICER MITCHELL GONZALES, CIT OF RIVERSIDE POLICE DEPARTMENT, and DOES 1-25, inclusive, | ) |
| Defendant(s). | ) |

COMES NOW, Defendants, CITY OF RIVERSIDE POLICE DEPARTMENT, a California charter city and municipal corporation, DEVIN HILL (erroneously sued and served herein as "Officer Devin Hill"), an individual, and MITCHELL GONZALES (erroneously sued and served herein as "Officer Mitchell Gonzales"), an individual, [hereinafter "Defendants"] hereby answer and respond to the correspondingly numbered paragraphs of the Complaint filed by Gregory Manos [hereinafter "Plaintiff"] as follows:

///

## PARTIES, JURISDICTIONAL AND VENUE ALLEGATIONS

1.     Defendants lack sufficient knowledge and information to admit or deny the allegations contained in this paragraph and on that basis deny the allegations in this paragraph.

2.     Defendants admit the allegations alleged in this paragraph.

3.     Defendants admit the allegations alleged in this paragraph.

4.     Defendants lack sufficient knowledge and information to admit or deny the allegation contained in this paragraph and on that basis deny the allegation in this paragraph. However, to the extent this paragraph alleges misconduct by employees of the City or the Riverside Police Department, those allegations are denied.

5.     Without knowing the true identities of DOES 1 through 25, Defendants lack sufficient knowledge and information to admit or deny the allegations contained in this paragraph and on this basis deny the allegations in this paragraph. However, to the extent this paragraph alleges misconduct by employees of the City or the Riverside Police Department, those allegations are denied.

6.     Defendants admit the allegations alleged in this paragraph.

7.     Venue is Proper in the United States District Court Central District of California.

## DEMAND FOR JURY TRIAL

8.     There are no factual assertions requiring a response.

## GENERAL ALLEGATIONS

9.     Defendants admits Plaintiff called 911 on or about September 6, 2020. Defendant admits Officers Hill and Gonzalez responded to Plaintiffs apartment on or about September 6, 2020. Defendants deny any allegations of misconduct and, to the extent this paragraph alleges misconduct by employees of the City or of the Riverside Police Department, those allegations are denied.

10.    As to the first sentence of this paragraph, Defendant's lack sufficient knowledge and information to admit or deny the allegations alleged therein, and on that basis deny the allegations in the first sentence of this paragraph.

As to the second and third sentences of this paragraph, Defendant admits the allegations alleged in those sentences.

However, to the extent this paragraph alleges misconduct by employees of the City or the Riverside Police Department, those allegations are denied.

11.    As to the first sentence in this paragraph, Defendants lack sufficient knowledge and information to admit or deny the allegations alleged in the first sentence of this paragraph and on that basis deny those allegations.

As to the second sentence in this paragraph, Defendants admit the allegation that Plaintiff was detained by Officers Hill and Gonzalez but deny that Ms. Cleary's accusation of false imprisonment was the only basis for the detention.

As to the third sentence in the paragraph, Defendants admit the allegation alleged in the third sentence of this paragraph.

As to the fourth sentence in this paragraph, Defendants lack sufficient knowledge to admit or deny the allegations alleged in the fourth sentence of this paragraph and on that basis deny the allegations therein.

As to the fifth sentence in this paragraph, Defendants lack sufficient knowledge to admit or deny the allegations alleged in the fifth sentence in this paragraph and on that basis deny the allegations therein.

As to the sixth sentence in this paragraph, Defendants, lack sufficient knowledge and information to admit or deny the allegation alleged in the sixth sentence of this paragraph and on that basis deny the allegations therein.

As to the seventh sentence in this paragraph, Defendants admit that Officer Gonzalez did not call an ambulance for Plaintiff Manos.

As to the Eighth sentence in this paragraph, Defendants admit the allegation that Officer Hill cited Cleary for battery. Additionally, to the extent this paragraph

alleges misconduct by employees of the City or the Riverside Police Department, those allegations are denied.

12.     Defendants lack sufficient knowledge and information to admit or deny the allegation contained in this paragraph and on this basis deny the allegations in this paragraph.

13.     Defendants lack sufficient knowledge and information to admit or deny the allegations contained in this paragraph and on this basis deny the remaining allegations in this paragraph.

**FIRST CAUSE OF ACTION**

**UNLAWFUL ARREST 42 USC 1983**

**(As to all Defendants)**

14.     Defendants replead and incorporate herein by this reference all the aforementioned responses to paragraphs 1 through 13.

15.     Defendants deny any constitutional violations were committed against Plaintiff and deny all of the allegations in this paragraph.

16.     Defendants lack sufficient knowledge and information to admit or deny the allegation contained in this paragraph and on this basis deny the allegations in this paragraph.

17.     There are no factual assertions to address, as the paragraph is an assertion of a legal conclusion and of what may or may not be done at a future proceeding which may or may not even occur.  To the extent a response is deemed required, the allegations are denied.

18.     Defendants lack sufficient knowledge and information to admit or deny the allegation contained in this paragraph and on this basis deny the allegations in this paragraph.

19.     Defendants lack sufficient knowledge and information to admit or deny the allegation contained in this paragraph and on this basis deny the allegations in this paragraph.

20.     Defendants lack sufficient knowledge and information to admit or deny the allegations contained in this paragraph and on this basis deny the allegations in this paragraph.

21.     Defendants deny any constitutional violations were committed against Plaintiff and deny all of the allegations in this paragraph.

22.     Defendants deny any constitutional violations were committed against Plaintiff and deny all of the allegations in this paragraph.

23.     Defendants deny any constitutional violations were committed against Plaintiff and deny all of the allegations in this paragraph.

24.     Defendants deny any constitutional violations were committed against Plaintiff and deny all of the allegations in this paragraph.

25.     Defendants deny any constitutional violations were committed against Plaintiff and deny all of the allegations in this paragraph.

26.     Defendants deny any constitutional violations were committed against Plaintiff and deny all of the allegations in this paragraph.

27.      Defendants deny any constitutional violations were committed against Plaintiff and deny all of the allegations in this paragraph.

28.      Defendants deny any constitutional violations were committed against Plaintiff and deny all of the allegations in this paragraph.

29.      Defendants any constitutional violations were committed against Plaintiff and deny all of the allegations in this paragraph.

## SECOND CAUSE OF ACTION—USE OF EXCESSIVE FORCE
## 42 U.S.C. § 1983
### (As against all Defendants)

30.     Defendants incorporate their responses to paragraphs 1 to 29 as if set forth in full herein.

31.     Defendants deny that Plaintiff's constitutional rights were violated. Defendants deny all of the allegations contained in this paragraph.

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CA 92501
(951) 826-5567

ANSWER TO COMPLAINT

32.     Defendants deny that Plaintiff's constitutional rights were violated. Defendants deny all of the allegations contained in this paragraph.

33.     Defendants deny Plaintiff's constitutional rights were violated and deny all the allegations contained in this paragraph.

34.     There are no factual assertions to address, as the paragraph is an assertion a legal conclusion not requiring a response.  To the extent a response is deemed required, the allegations are denied.

35.     There are no factual assertions to address, as the paragraph is an assertion of a legal conclusion and therefore does not require a response.  To the extent a response is deemed required, the allegations are denied.

36.     Defendants deny any constitutional violations were committed against Plaintiff and deny all of the allegations in this paragraph.

37.     Defendants lack sufficient knowledge and information to admit or deny the allegations contained in this paragraph and on this basis deny the allegations in this paragraph.

38.     Defendants deny Plaintiff's constitutional rights were violated and deny all the allegations contained in this paragraph.

39.     Defendants deny Plaintiff's constitutional rights were violated and deny all the allegations contained in this paragraph.

40.     Defendants deny Plaintiff's constitutional rights were violated and deny all the allegations contained in this paragraph.

41.     Defendants deny Plaintiff's constitutional rights were violated and deny all the allegations contained in this paragraph.

42.     Defendants deny Plaintiff's constitutional rights were violated and deny all the allegations contained in this paragraph.

43.     Defendants deny any constitutional violations were committed against Plaintiff and deny all of the allegations in this paragraph.

44.     Defendants deny any constitutional violations were committed against Plaintiff and deny all of the allegations in this paragraph.

45.     Defendants deny any constitutional violations were committed against Plaintiff and deny all of the allegations in this paragraph.

46.     There are no factual assertions to address, as the paragraph is an assertion of a legal conclusion not requiring a response.  To the extent a response is deemed required, the allegations are denied.

**THIRD CAUSE OF ACTION—CRUEL AND UNUSUAL PUNISHMENT**

**42 U.S.C. § 1983**

**(As to all Defendants)**

47.     Defendants incorporate their responses to paragraphs 1 to 46 as if set forth in full herein.

48.     Defendants deny Plaintiff's constitutional rights were violated and deny all the allegations contained in this paragraph.

49.     Defendants lack sufficient knowledge and information to admit or deny the allegation contained in this paragraph and on this basis deny the allegations in this paragraph.

50.     There are no factual assertions to address, as the paragraph is an assertion of a legal conclusion not requiring a response.  To the extent a response is deemed required, the allegations are denied.

51.     There are no factual assertions to address, as the paragraph is an assertion a legal conclusion not requiring a response.  To the extent a response is deemed required, the allegations are denied.

52.     There are no factual assertions to address, as the paragraph is an assertion a legal conclusion not requiring a response.  To the extent a response is deemed required, the allegations are denied.

53.     Defendants deny any constitutional violations were committed against Plaintiff and deny all of the allegations in this paragraph.

54.     Defendants lack sufficient knowledge and information to admit or deny the allegations contained in this paragraph and on this basis deny the allegations in this paragraph.

55.     Defendants deny Plaintiff's constitutional rights were violated and deny all the allegations contained in this paragraph.

56.     Defendants deny any constitutional violations were committed against Plaintiff and deny all of the allegations in this paragraph.

57.     Defendants deny Plaintiff's constitutional rights were violated and deny all the allegations contained in this paragraph.

58.     Defendants deny Plaintiff's constitutional rights were violated and deny all the allegations contained in this paragraph.

59.     Defendants deny Plaintiff's constitutional rights were violated and deny all the allegations contained in this paragraph.

60.     Defendants deny any constitutional violations were committed against Plaintiff and deny all of the allegations in this paragraph.

61.     Defendants deny any constitutional violations were committed against Plaintiff and deny all of the allegations in this paragraph.

62.     Defendants deny any constitutional violations were committed against Plaintiff and deny all of the allegations in this paragraph.

63.     There are no factual assertions to address, as the paragraph is an assertion of a legal conclusion not requiring a response.  To the extent a response is deemed required, the allegations are denied.

**FOURTH CAUSE OF ACTION—FALSE IMPRISONMENT**

**(As to all Defendants)**

64.     Defendants incorporate their responses to paragraphs 1 to 63 as if set forth in full herein.

65.     Defendants deny Plaintiff's constitutional rights were violated and deny all the allegations contained in this paragraph.

66.     Defendants deny Plaintiff's constitutional rights were violated and deny all the allegations contained in this paragraph.

67.     Defendants deny Plaintiff's constitutional rights were violated and deny all the allegations contained in this paragraph.

68.     Defendants deny Plaintiff's constitutional rights were violated and deny all the allegations contained in this paragraph. Additionally, Defendants deny that Plaintiff is entitled to any relief sought.

69.     Defendants lack sufficient knowledge and information to admit or deny the allegations contained in this paragraph and on this basis deny the allegations in this paragraph.

## FIFTH CAUSE OF ACTION—BATTERY

### (As to all Defendants)

70.     Defendants incorporate their responses to paragraphs 1 to 69 as if set forth in full herein.

71.     Defendants admit the allegations alleged in this paragraph as to Officers Gonzalez and Hill.

As to DOES 1-25, Defendants lack sufficient knowledge and information to admit or deny the allegations contained in this paragraph and on this basis deny the allegations in this paragraph as to DOES 1-25.

72.     Defendants deny Plaintiff's constitutional rights were violated and deny all the allegations contained in this paragraph.

73.     There are no factual assertions to address, as the paragraph is an assertion of a legal conclusion not requiring a response.  To the extent a response is deemed required, the allegations are denied.

74.     There are no factual assertions to address, as the paragraph is an assertion of a legal conclusion not requiring a response.  To the extent a response is deemed required, the allegations are denied.

75.     There are no factual assertions to address, as the paragraph is an assertion of a legal conclusion not requiring a response.  To the extent a response is deemed required, the allegations are denied.

76.     There are no factual assertions to address, as the paragraph is an assertion of a legal conclusion not requiring a response.  To the extent a response is deemed required, the allegations are denied.

77.     Defendants lack sufficient knowledge and information to admit or deny the allegations contained in this paragraph and on this basis deny the allegations in this paragraph.

## SIXTH CAUSE OF ACTION—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (As to all Defendants)

78.     Defendants incorporates their responses to paragraphs 1 to 77 as if set forth in full herein.

79.     There are no factual assertions to address, as the paragraph is an assertion of a legal conclusion not requiring a response.  To the extent a response is deemed required, the allegations are denied.

80.     There are no factual assertions to address, as the paragraph is an assertion of a legal conclusion not requiring a response.  To the extent a response is deemed required, the allegations are denied.

81.     There are no factual assertions to address, as the paragraph is an assertion of a legal conclusion not requiring a response.  To the extent a response is deemed required, the allegations are denied.

82.     There are no factual assertions to address, as the paragraph is an assertion of a legal conclusion not requiring a response.  To the extent a response is deemed required, the allegations are denied.

83.     There are no factual assertions to address, as the paragraph is an assertion of a legal conclusion not requiring a response.  To the extent a response is

deemed required, the allegations are denied. Additionally, Defendants deny that Plaintiff is entitled to any relief requested.

84.    Defendants lack sufficient knowledge and information to admit or deny the allegation contained in this paragraph and on this basis deny the allegations in this paragraph.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

Each individual Defendant is immune from liability under the *Federal Civil Rights Act* because the actions were reasonable, done in good faith and without malice under the authority of federal and state law, thus giving rise to qualified immunity from suit.

## SECOND AFFIRMATIVE DEFENSE

Punitive damages are violative of Due Process and Equal Protection considerations. The plaintiff is barred from seeking punitive damages against these answering defendants pursuant to Government Code Sections 818 and 825. Any award of punitive damages sought by plaintiff would also violate the due process and excessive fine clauses of the Fifth, Eighth and Fourteenth Amendments of the Unites States Constitution, as well as the Constitution of the State of California.

## THIRD AFFIRMATIVE DEFENSE

Defendants and its officials, employees and/or agent employees are immune from liability pursuant to the Government Code, including but not limited to, sections 820.2, 820.4, 815, and 845.6.

## FOURTH AFFIRMATIVE DEFENSE

The facts alleged in the Complaint do not involve any custom, practice, procedure or regulation of Defendants and/or no custom, practice, procedure or regulation of Defendants deprived Plaintiff of any federal right cognizable under 42 U.S.C. Section 1983.

///

1

### FIFTH AFFIRMATIVE DEFENSE

2
3
4
5

To the extent the Complaint is vaguely worded, Defendants cannot anticipate fully all affirmative defenses that may be applicable to this matter. Accordingly, the right to assert additional affirmative defenses, if and to the extent such affirmative defenses are applicable, is hereby reserved.

6

### SIXTH AFFIRMATIVE DEFENSE

7
8
9
10

Without shifting the burden of pleading or proof, which is on the Plaintiff's, Defendants' actions, and those of its agents, servants and employees, were the result of or authorized by reasonable suspicion, probable cause, exigent circumstances, consent, and /or a mistake of fact or law.

11

### SEVENTH AFFIRMATIVE DEFENSE

12
13

The Complaint fails to state a claim against Defendants upon which relief can be granted.

14

### EIGHTH AFFIRMATIVE DEFENSE

15
16

Plaintiff is barred from recovery herein, in whole or in part, by reason of his failure to mitigate damages.

17

### NINTH AFFIRMATIVE DEFENSE

18
19
20
21

Plaintiff's claims for damages, if any, are barred by Plaintiff's negligence or other legal fault of Plaintiff and or by the negligence or other legal fault of persons and entities other than Defendants. Recovery herein is therefore diminished and barred to the degree of that negligence.

22

### TENTH AFFIRMATIVE DEFENSE

23
24

The acts Plaintiff alleges to have occurred did not violate clearly established constitutional rights of Plaintiff of which a reasonable person would have known.

25

### ELEVENTH AFFIRMATIVE DEFENSE

26
27

Defendants and its officials, employees, and/or agents acted in good faith and neither directly nor indirectly performed any acts whatsoever which would constitute

28

a violation of any laws or regulations or a violation of any right or any duty owed to Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

Pursuant to California Government Code 821.6, Defendants and/or the individual employees of Defendants are immune from liability for instituting or prosecuting any judicial or administrative proceeding within the scope of their employment even if they acted maliciously and without probable cause.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants and/or its officials, employees and or agents as public employees are not liable for any act or omission exercising due care in the execution or enforcement of any law and Defendants as a public entity are not liable as to matters for which its employees are immune from liability.

### FOURTEENTH AFFIRMATIVE DEFENSE

If in fact Plaintiff was damaged in any manner whatsoever, that said damage, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties, and that such intervening and superseding actions of said other parties bar recovery herein on behalf of Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

The force used was objectively reasonable under the circumstances, thus barring all claims.

### SIXTEENTH AFFIRMATIVE DEFENSE

This action was not brought within the requisite statutory period.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Qualified Immunity applies to Defendants.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with the provisions of the California Tort Claims Act, including, but not limited to California Government Code Sections 901, 905, 905.2, 911.2, 945.4, 945.6 and 946.6.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust all administrative remedies.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's civil rights claims are barred because Plaintiff suffered no actual damages and there is no right to recover damages based on the abstract value of constitutional rights.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by reason of the fact that any losses, injuries or damages, alleged in the Complaint, were occasioned by a risk which it herein knowingly, voluntarily, and expressly or impliedly assumed.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent that the Complaint herein is based on a public employee's entry upon land, that entry was expressly or impliedly authorized by law, Defendants are immune from liability herein under Government Code sections 821.8 and 815.2(b).

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury.

**WHEREFORE**, Defendants pray:

1.    That Plaintiff take nothing by his Complaint on file herein;

2.    That this action be dismissed;

3.    For its costs of suit herein; and

4.    For such other and further relief as the Court may deem just and proper.

DATED:  January 27, 2021          OFFICE OF THE CITY ATTORNEY

/S/

By: _____

NEIL OKAZAKI
Attorneys for Defendants
CITY OF RIVERSIDE, DEVIN HILL,
and MITCHELL GONZALES

# CERTIFICATE OF SERVICE

Case Name: **Gregory C. Manos v.**          No.     **5:21-cv-00093-MWF-SP**
                   **Devin Hill, et al.**


     I hereby certify that on January 27, 2021, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS CITY OF RIVERSIDE, DEVIN HILL, AND MITCHELL GONZALES' ANSWER TO COMPLAINT**

     I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

     I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

     Executed on January 27, 2021, at Riverside, California.

                            /S/

                          _____
                          Christine Houk